Case 1:07-cv-06483-LMM    Document 1-4    Filed 07/17/2007    Page 1 of 17

Exhibit C

attn Kathy Wright
OF 11636

Received
7/6/04
by

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------x

MAX SHNETMAN,

           Plaintiff,

-against-

2100 WHITE PLAINS ROAD, LLC, GALAXY
MANAGEMENT, INC, "JOHN DOE",
and JANE DOE, INC."(Said names being fictitious,
it being the intention of plaintiff to designate any and
all owners of 2100 White Plains Road being sued herein),

           Defendants.
---------------------------------------------------------x

*Plaintiff designates
Bronx County as
the place of trial*

SUMMONS

Index No.: 18068-04

Date filed with Clerk:

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY summoned and required to serve upon plaintiff's attorney an Answer to the Verified Complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if failure to answer, judgement will be taken against you by default for the relief demanded in the complaint.

    The basis of the venue designated is the resident of the plaintiff. Plaintiff resides at 2334 Boston Road, Bronx, New York 10467.

Dated: Bronx, New York
       May 11, 2004

KLEIN CALDERONI & SANTUCCI, LLP
By: Fred T. Santucci, Jr.
744 Lydig Avenue
Bronx, New York 10462
(718) 319-1400

To: 2100 White Plains Road, LLC
    25 Campbell Drive
    Dix Hills, New York 11746

atty. Kathy Wright
OF 11636

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------x
MAX SHNETMAN,

                    Plaintiff,

    -against-

2100 WHITE PLAINS ROAD, LLC, GALAXY
MANAGEMENT, INC, "JOHN DOE",
and JANE DOE, INC."(Said names being fictitious,
it being the intention of plaintiff to designate any and
all owners of 2100 White Plains Road being sued herein),

                  Defendants.
-----------------------------------------------------------x

VERIFIED COMPLAINT

Index No.: 18068/04

      Plaintiff MAX SHNETMAN, by his attorneys, KLEIN CALDERONI, & SANTUCCI, LLP, sets forth the following, upon information and belief, as and for his Verified Complaint against the Defendants 2100 WHITE PLAINS ROAD, LLC, GALAXY MANAGEMENT, INC, "JOHN DOE", and JANE DOE, INC.":

    1.    That plaintiff, MAX SHNETMAN, is and was as resident of the County of Bronx, City and State of New York.

    2.    That upon information and belief, at all times hereinafter mentioned defendant, 2100 WHITE PLAINS ROAD, LLC was and still is a limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

    3.    That upon information and belief, at all times hereinafter mentioned defendant, GALAXY MANAGEMENT, INC was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

    4.    That upon information and belief, at all times herein after mentioned, defendant JOHN DOE was and is a resident of the State of New York.

07/26/2004 12:37    63145...    LAR    PAGE 65
OF 11636
attn Kathy Wright

5. That upon information and belief, at all times hereinafter mentioned defendant, JANE DOE, INC. was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. That upon information and belief, at all times hereinafter mentioned, defendants were and are the tenants and/or owners of the premises known as 2100 White Plains Road, Bronx, New York.

7. That upon information and belief and at all times hereinafter mentioned, it is and was the duty of said defendants to keep and maintain the building known as 2100 White Plains Road, Bronx, New York and the premises adjacent and/or abutting the aforesaid building in safe and proper condition.

8. On February 4, 2004, at approximately 8:10 a.m., plaintiff while walking on the sidewalk to the mail box at or near the corner of White Plains Road and Maran Place, County of Bronx, City and State of New York when he was caused to slip and fall on a patch of snow and ice existing on the sidewalk.

9. The plaintiff's resulting injuries were caused solely by the defendants' negligence.

10. Defendants carelessly and negligently suffered, permitted and allowed snow and ice to collect and accumulate on the sidewalk to the aforesaid premises, and permitted, suffered and allowed said condition on the aforesaid sidewalk to become worn, trampled, beaten, bumpy, slippery, uneven and lumpy, all of which the defendants had or should have had time to have made the sidewalk safe or caused the sidewalk to be made safe for use by pedestrians and/or patrons before the complained of occurrence to the plaintiff in that the defendants neglected for more than the time allowed them by law to remove the snow and ice and/or defendants failed to

ath Kathy Wright
OF 11636

properly and adequately remove the snow and ice and defendants improperly removed the snow and ice on the sidewalk.

11. Defendants had actual and constructive notice of the dangerous, defective and negligent condition of the premises and sidewalk for a long time prior to the alleged occurrence, or in the exercise of due care they should have had prior knowledge and notice.

12. That as a result of the foregoing, Plaintiff sustained serious injuries in and to various parts of his body and limbs including a fractured left distal radius; was rendered sick, sore, lame and disabled, and upon information and belief, all of said injuries and disabilities are permanent; was compelled to seek medical aid and attention in an endeavor to cure and alleviate said injury; was compelled to expend a certain sum of money for said medical aid and attention; and was confined to bed and home for a long period of time.

WHEREFORE, Plaintiff demands judgment against the Defendants in the amount of ONE MILLION ($1,000,000.00) DOLLARS; together with costs and disbursements of this action.

Dated: Bronx, New York
May 11, 2004

Yours, etc.

KLEIN CALDERONI & SANTUCCI, LLP
By: Fred T. Santucci, Jr.
744 Lydig Avenue
Bronx, New York 10462
(718) 319-1400

attn Kathy Wright
OF 11636

## VERIFICATION

STATE OF NEW YORK )
                  ) s.s.:
COUNTY OF BRONX   )

MAX SHNETMAN, being duly sworn, deposes and says:

I am the plaintiff in the within action and have read the foregoing VERIFIED COMPLAINT; that the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Bronx County
State of New York

_____
MAX SHNETMAN

Sworn to before me this

14th day of May, 2004

RANDI ABRAMOWITZ
Notary Public, State of New York
No. 01AB4795752
Qualified In Bronx County
Commission Expires August 31, 20 05

_____
NOTARY PUBLIC

SUPREME COURT
STATE OF NEW YORK, COUNTY OF BRONX                Index No.            Year

---

MAX SHNETMAN,

   Plaintiff,

 -against-

2100 WHITE PLAINS ROAD, LLC, GALAXY MANAGEMENT, INC,
"JOHN DOE", and JANE DOE, INC." (Said names being
fictitious, it being the intention of plaintiff to
designate any and all owners of 2100 White Plains
Road being sued herein),

   Defendants.

---

SUMMONS AND VERIFIED COMPLAINT

---

KLEIN CALDERONI & SANTUCCI, LLP
ATTORNEYS AT LAW
Attorney(s) for Plaintiff

Office and Post Office Address, Telephone

744 LYDIG AVENUE
BRONX, NEW YORK 10462
(718) 319-1400

---

To

Attorney(s) for

Signature (Rule 130-1.1-a) _____

Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

---

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order
will be presented for settlement to the HON.
within named Court, at
on    at    M.

Dated,

  of which the within is a true copy
  one of the judges of the

Yours, etc.

KLEIN CALDERONI & SANTUCCI, LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

MAX SHNETMAN,

                                     Plaintiff,

-against-

2100 WHITE PLAINS ROAD, LLC. GALAXY MANAGEMENT, INC. "JOHN DOE", and JANE DOE, INC." (Said names being fictitious it being the intention of plaintiff to designate any and all owners of 2100 White Plains Road being sued herein),

                                       Defendants.
-------------------------------------------------------X

VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES, AND DEMAND FOR BILL OF PARTICULARS

Index number: 18068/04

      Defendants, 2100 WHITE PLAINS ROAD, LLC., GALAXY MANAGEMENT, INC., and "JOHN DOE", and JANE DOE" by their attorney, at the LAW OFFICES OF THOMAS J. LEONARD, answer the complaint of the plaintiff, upon information and belief herein as follows:

    1.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraphs of the complaint designated, "1", "2", and "3".

    2.    Deny each and every allegation contained in the paragraphs of the complaint designated, "4", "5", "6", "7", "8", "9", "10", "11", and "12".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

### FAILURE TO STATE A CAUSE OF ACTION

    3.    That plaintiff fails to state a cause of action as against these answering defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

## COLLATERAL SOURCE

4.  Defendants claim all benefits from Section 4545(4)(c) CPLR for replacement or indemnification of costs of medical care, rehabilitative services or loss of income from any collateral source.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

## ART. 51 - MITIGATION

5.  That if any plaintiff has received, is receiving, is entitled to, may or will receive payments under the provisions of the Insurance Law of the State of New York, Article 51, then any recovery which may be had in this action, is to be reduced and considered in offset and mitigation, by the amount of any payments specified under the above-mentioned law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

## ARTICLE 16

6.  That if any liability is found against these answering defendants, then said liability will constitute 50 percent or less of the total liability assigned to all persons liable and, as such, the liability of the defendants for non-economic loss shall be limited and shall not exceed these answering defendants' equitable share as provided by Article 16 of the CPLR.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

## LACK OF JURISDICTION

7.  The Court does not have jurisdiction over the person of the answering defendants in that service of process was not perfected under the applicable rules of the Civil Practice Laws and Rules.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

## FAILURE TO NAME A NECESSARY PARTY

8. Plaintiff has failed to name defendant, US. POSTAL SERVICE as a necessary party to this action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

## PURSUANT TO SECTION 1412 CPLR

## THE DEFENDANTS, 2100 WHITE PLAINS ROAD, LLC.,

## GALAXY MANAGEMENT, INC., and "JOHN DOE", and JANE DOE"

## SET FORTH AND ALLEGES:

9. a) That if plaintiff sustained the injuries and damages alleged in the complaint, same were wholly caused by the culpable conduct of plaintiff, MAX SHNETMAN, and the defendants, 2100 WHITE PLAINS ROAD, LLC., GALAXY MANAGEMENT, INC., and "JOHN DOE", and JANE DOE", are entitled to judgment dismissing the complaint herein.

b) That if plaintiff sustained the injuries and damages alleged in the complaint, same were caused if not in whole then in part by the culpable conduct of plaintiff, MAX SHNETMAN, and the defendants, 2100 WHITE PLAINS ROAD, LLC., GALAXY MANAGEMENT, INC., and "JOHN DOE", and JANE DOE", are entitled to judgment assessing and fixing the culpable conduct of plaintiff contributing to said injuries and damages in proportion to plaintiff culpable conduct as determined after trial.

WHEREFORE, the answering defendants demand judgment dismissing the complaint herein as to answering defendants, or diminishing the damages recoverable by plaintiff

herein proportion to the culpable conduct attributable to plaintiff, together with costs and disbursements to abide the action.

DATED: WHITE PLAINS, NEW YORK
October 4, 2004

RIK A. BACHMAN
LAW OFFICES OF THOMAS J. LEONARD
Attorneys for Defendants,
**2100 WHITE PLAINS ROAD, LLC., GALAXY MANAGEMENT, INC. and "JOHN DOE", and JANE DOE"**
108 Corporate Park Drive, Suite 115
White Plains, NY 10604
(914) 251-1244

TO:

KLEIN CALDERON & SANTUCCI, LLP.
Attorney for plaintiff,
**MAX SHNETMAN**
744 Lydig Avenue
Bronx, New York 10462
(718) 319-1400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------

MAX SHNETMAN,

                                Plaintiff,

           -against-

2100 WHITE PLAINS ROAD, LLC. GALAXY
MANAGEMENT, INC. "JOHN DOE", and JANE DOE,
INC." (Said names being fictitious it being the intention of
plaintiff to designate any and all owners of 2100 White
Plains Road being sued herein),

                                Defendants.
-------------------------------------------------------------X

**DEMAND FOR BILL OF PARTICULARS**

**Index number: 18068/04**

S I R S:

       PLEASE TAKE NOTICE, that pursuant to Rule 3041, et seq., you are hereby required to serve upon **THE LAW OFFICES OF THOMAS J. LEONARD**, attorneys for the defendants, **2100 WHITE PLAINS ROAD, LLC., GALAXY MANAGEMENT, INC.,** and **"JOHN DOE", and JANE DOE",** within twenty (20) days after service of a copy of this Demand, a Verified Bill of Particulars of the Complaint setting forth in detail the following:

1. Plaintiff's residence at the time of the commencement of the action and the present time.

2. State plaintiff's date of birth and Social Security number.

3. Set forth each and every act or omission of the answering defendants which plaintiff claims is the basis of the alleged negligence, or other wrong doing on the part of these defendants.

4. State the date(s) and time(s) when said occurrence took place.

5. State the exact location of the occurrence.

6. The nature of the alleged vocation of the plaintiff.

7. If it will be claimed that any of the acts or omissions particularized in item "3" above were performed by another for whose acts or omissions the answering defendants have legal responsibility, state as to each act or omission the name of the person who performed it, and that person's legal relationship to these defendants.

8. If notice is claimed, state whether it was actual or constructive; if actual notice is claimed, state when and to whom same was given.

9. A statement of the acts of omission and commission constituting the negligence claimed.

10. Concerning the claim of physical injury to the plaintiff, state the following:

   (a) The nature, location and extent of each injury it will be claimed were caused by the negligence of the answering defendants.

   (b) If any injuries are claimed to be permanent, so state.

11. If it will be claimed that the aforesaid injuries necessitated any hospitalization, set forth the name and address of each hospital with the date of confinement or outpatient treatment.

12. If it is claimed that the aforesaid injuries necessitated treatment by any other doctor, medical personnel or institution, set forth their name and address.

13. State the length of time, if any, it is claimed plaintiff was confined to:

   (a) bed;

   (b) home;

   (c) Period plaintiff was incapacitated from attending his/her employment or occupation.

14. If loss of earnings will be claimed to have resulted from the alleged negligence, set forth the following:

   (a) The loss of earnings that will be claimed.

   (b) The name and address of the employer at the time of the alleged negligence.

   (c) The plaintiff's occupation and/or position at the time of the alleged negligence and duties that said job entailed.

   (d) The plaintiff's gross earnings for the last calendar year prior to the alleged negligence.

(e) The plaintiff's gross earnings for any calendar year(s) during which it will be claimed that the claimant was incapacitated from work.

(f) If the plaintiff was employed by another immediately prior to the alleged incapacitation, state:

   (1) The name and address of the employer.

   (2) The plaintiff's weekly gross salary at that time.

(g) If the plaintiff was in whole or in part self-employed, state the plaintiff's earnings from such self-employment for each of the three (3) years prior to the alleged incapacitation.

(h) The last date the plaintiff worked prior to the alleged incapacitation.

(i) The amount and source of any reimbursement to the plaintiff or others for the alleged loss of earnings.

(j) The name and address of the plaintiff's present employer(s).

15. If plaintiff was a student at the time of the occurrence, set forth the name and address of the school, the grade or year in which plaintiff was enrolled and the exact dates on which there was no attendance due to the alleged occurrence.

16. If any loss of support is claimed, set forth the following:

(a) If the plaintiff was employed immediately prior to accident:

   (1) The plaintiff's annual salary;

   (2) the name and

   (3) address of the employer.

(b) The plaintiff's occupation.

(c) The plaintiff's gross earnings for the last year worked prior to accident.

(d) The amount contributed by plaintiff to the support of each of the above-named dependents in the last full year prior to accident.

(e) The yearly earnings which, if will be claimed, have been lost as a result of plaintiff's accident.

(f) The last date plaintiff worked prior to accident.

(g) If the plaintiff was self-employed in whole or in part:

    (1)    The nature of such self-employment, and

    (2)    The earnings of such self-employment for the last year worked.

17.    Set forth any additional pecuniary loss, which will be claimed.

18.    If any special damages are claimed as a result of this accident, set forth, including but not limited to, the following:

(a) The charges for the above-named hospitals, separately listing each hospital bill.

(b) Physicians' charges, separately listing each doctors bill.

(c) Nursing Charges.

(d) Charges for medicine.

19.    Detail sums reimbursed to plaintiff for medical and/or hospital expenses by medical insurance or other sources, identifying the reimbursor.

20.    A statement of any other expenses incurred on account of the occurrence set forth in the complaint, and for what incurred.

21.    A statement of the statutes, ordinances, regulations or rules of the State, Municipality or any of their departments or subdivisions, which are claimed to have been violated by defendants, specifying the chapter or chapters, section or sections of the particular statute, ordinance, regulation or rule.

**PLEASE TAKE FURTHER NOTICE,** that unless you comply with this notice with twenty (20) days, a motion will be made to preclude the plaintiff from presenting any evidence at the trial of this action as to any of the items for which a verified bill of particulars has

been noticed and has not been complied with, with costs.

DATED: WHITE PLAINS, NEW YORK
October 4, 2004

_____
RIK A. BACHMAN
**LAW OFFICES OF THOMAS J. LEONARD**
Attorneys for Defendants,
**2100 WHITE PLAINS ROAD, LLC., GALAXY MANAGEMENT, INC., and "JOHN DOE", and JANE DOE"**
108 Corporate Park Drive, Suite 115
White Plains, NY 10604
(914) 251-1244

TO:

**KLEIN CALDERON & SANTUCCI, LLP.**
Attorney for plaintiff,
**MAX SHNETMAN**
744 Lydig Avenue
Bronx, New York 10462
(718) 319-1400

## AFFIDAVIT OF MAILING

STATE OF NEW YORK

§§:

COUNTY OF WESTCHESTER

     MARY ANN DE TOMA, being duly sworn deposes and says: that she is employed in the LAW OFFICES OF THOMAS J. LEONARD, is over the age of 18 years and not a party to this action.
     That on **Monday, October 4, 2004**, she served the annexed: **VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES, AND DEMAND FOR A BILL OF PARTICULARS.**

RE: MAX SHNETMAN V. 2100 WHITE PLAINS ROAD, LLC. GALAXY MANAGEMENT, INC. "JOHN DOE", and JANE DOE, INC." (Said names being fictitious it being the intention of plaintiff to designate any and all owners of 2100 White Plains Road being sued herein),

UPON:

    KLEIN CALDERON & SANTUCCI, LLP.
    Attorney for plaintiff,
    MAX SHNETMAN
    744 Lydig Avenue
    Bronx, New York 10462
    (718) 319-1400

by depositing true copies therewith in a Post Office Box regularly maintained by the Government of the United States and under the care of the Postmaster of the County of New York Post Office, New York, enclosed in a securely closed wrapper with the postage prepaid, addressed to said attorneys at the addresses noted above. Those being the addresses designated in the last papers served herein by said attorneys.

                                                  MARY ANN DE TOMA

Sworn to before me this
Monday, October 4, 2004

RIK A. BACHMAN
*Notary Public, State of New York*
*No. 02BA4921946*
*Qualified in Westchester County*
*Commission Expires February 8, 2006*