USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/07

**ORIGINAL**

U.S. Department of Justice

United States Attorney
Southern District of New York

86 Chambers Street, 3rd Floor
New York, New York

**MEMO ENDORSED** (p.2)

July 24, 2007



JUL 24 2007

LAWRENCE M. McKENNA
SDNY

**VIA HAND DELIVERY**

Hon. Lawrence M. McKenna
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1640
New York, New York 10007

    Re:   Shnetman v. 2100 White Plains Road, et al.
           07 Civ. 6483 (LMM)

Dear Judge McKenna:

       This Office represents the United States of America ("United States"), a third-party defendant in the above-referenced action. The United States removed the above-referenced action from the Supreme Court of the State of New York, Bronx County, on Tuesday, July 17, 2007, pursuant to 28 U.S.C. § 1442(a). This removal is the *second* time the *Shnetman* case has been removed from state court. For the reasons set forth below, the United States respectfully requests that the United States be dismissed for lack of subject matter jurisdiction and the case remanded again as the matter has previously been briefed, and the Court previously issued a Memorandum and Order that is *res judicata* in this case. See *Shnetman v. 2100 White Plains Road LLC*, Civ. A. No. 06-3819, 2006 WL 3016312 (S.D.N.Y. Oct. 20, 2006) (copy attached) ("*Shnetman I*").

       Defendants and Third-Party Plaintiffs, 2100 White Plains Road, LLC, and Galaxy Management, Inc. ("Third-Party Plaintiffs"), first sued the United States Postal Service ("USPS") in February 2005, alleging negligence against the USPS and seeking indemnification and/or contribution. The USPS removed the case in May 2006 pursuant to 28 U.S.C. § 1442(a) and promptly moved to dismiss the case for lack of subject matter jurisdiction as the Federal Torts Claims Act ("FTCA") only permits claimants to sue in federal court, see 28 U.S.C. § 1346(b). As a consequence, the state court lacked subject matter jurisdiction and, under the "derivative jurisdiction" rule, this Court did not acquire subject matter jurisdiction over the case upon removal.

       In response, Third-Party Plaintiffs cross-moved to amend the third-party complaint to name the United States instead of the USPS. The Court declined to exercise supplemental jurisdiction over the motion for leave to amend, and dismissed the third-party complaint for lack of subject matter jurisdiction. As expressly stated in the Court's Memorandum and Order, "[h]ad

the United States of America been named as the third-party defendant in the first place, and the action then removed, the 'derivative jurisdiction' doctrine would still have applied." (*Shnetman*, 2006 WL 3016312, at *1 (citing *Moreland v. Van Buren GMC*, 93 F. Supp. 2d 346, 353-55 (E.D.N.Y. 1999)).

Notwithstanding the Court's Order, Third-Party Plaintiffs sued the United States again in May 2007, alleging negligence against the United States under the FTCA and seeking indemnification and/or contribution. As previously noted by this Court, however, the doctrine of derivative jurisdiction applies to claims against the United States made under the FTCA in state court.

As the matter has previously been briefed in *Shnetman I*, and the Court has already issued a Memorandum and Order addressing the issues raised in this second removal, the United States respectfully requests that the matter be dismissed against the United States and the case remanded to state court. If the Court desires formal briefing or any additional briefing on any matter, the United States would gladly submit such briefing.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney
for the Southern District of New York

By: _____
CAROLINA A. FORNOS
Assistant United States Attorney
Telephone: (212) 637-2740
Facsimile: (212) 637-2702

Enclosure

cc:  **Via Facsimile and First Class Mail**
Rik Bachman, Esq.
LAW OFFICE OF THOMAS K. MOORE
701 Westchester Avenue, Suite 101W
White Plains, NY 10604
*Counsel for Defendants/Third-Party Plaintiffs 2100 White Plains Road, LLC and Galaxy Management, Inc.*

Fred T. Santucci, Jr., Esq.
KLEIN CALDERON & SANTUCCI, LLP
744 Lydig Avenue
Bronx, NY 10462
*Attorney for Plaintiff Max Shnetman*

---

Handwritten order:

This action is dismissed as to the third-party claim against the United States of America only, and others were remanded to the Supreme Court of the State of New York, Bronx County, for the reasons set forth in this letter (to which the Court has received no response) and in this Court's decision in 06 Civ. 3819, dated 10/20/06, a copy of which is annexed to this letter.

So ordered.

_____
LMM  8/9/07